FILED & ENTERED

MAR 14 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CHAPTER 7 |
| Iqbal Ashraf | Case No: 2:11-bk-58174-TD<br>Adv No: 2:12-ap-01736-TD |
| | **MEMORANDUM OF DECISION** |
| Debtor. | |
| Iqbal Ashraf | Date:  March 1, 2013<br>Time:  1:30 p.m.<br>Courtroom:  1345 |
| Plaintiff, | |
| v. | |
| Robhana, Inc., RME Real Estate Investment, Inc., | |
| Defendants. | |

Two hearings have been held in response to Debtor Iqbal Ashraf's so-called Emergency Motion to Amend Default Judgment and Set Aside Reconveyances, filed February 19, 2013.

This Motion follows the August 31, 2012 dismissal of Debtor's voluntary bankruptcy petition filed on November 23, 2011, by stipulation and agreement with the

-1-

chapter 7 trustee after numerous highly-charged hearings that included comments by Debtor's counsel and by the chapter 7 trustee and his counsel, all denigrating the acknowledged but disputed security agreements and debts held by R.J. Moon, Inc., and its related entities (collectively, R.J. Moon), agreements and debts apparently incurred by the Debtor.

No written allegations in a complaint have been filed against R.J. Moon in this bankruptcy case. The adversary proceeding was filed by the chapter 7 trustee against Robhana and RME in the Debtor's case. Debtor is now the plaintiff in this adversary as successor to the chapter 7 trustee.

No factual allegations have been made or documented by the Debtor in its Emergency Motion to adequately support Debtor's assertions of fraud or misconduct against R.J. Moon. Debtor's fraud allegations do not meet the particularity requirements of Rule 9(b).

Although the Debtor's dispute with R.J. Moon raged during several 2012 hearings in Debtor's bankruptcy case, no pleadings or the types of documentary evidence normally produced in a real estate security transaction or dispute have been filed, either by the Debtor or the chapter 7 trustee.

At the hearing on March 1, the Debtor challenged R.J. Moon's standing to appear in opposition to Debtor's Emergency Motion, though the motion is directly predicated on R.J. Moon's February 2013 foreclosure of Debtor's residence and asks for revision of the court's final, unappealed order granting a default judgment to Debtor. The judgment was entered on January 3, 2013, ostensibly to protect Debtor from what Debtor now asserts was unlawful conduct by R.J. Moon. In the context of this adversary (and a now dismissed bankruptcy case), it seems particularly inappropriate for this court to deny to

R.J. Moon the opportunity to defend itself from the Debtor's Emergency Motion. The Motion is directly aimed at limiting R.J. Moon's rights, especially in response to Debtor's Motion that characterized R.J. Moon's conduct as "fraudulent." At the same time Debtor's Motion recited inadequate allegations with respect to the time, place and manner of any questionable conduct by R.J. Moon and provided no detailed explanation or evidence describing Debtor's underlying transactions involving R.J. Moon and/or Robhana, RME, or any other entity.

The court suggested at the conclusion of the March 1 hearing that perhaps (a) its preservation of jurisdiction with respect to the chapter 7 trustee's adversary may have been improvident and perhaps that (b) the best ruling in response to the Debtor's motion might be an order vacating the Debtor's January 3 judgment and dismissing the adversary. Debtor rejected that suggestion.

For the reasons discussed at the March 1 hearing, and as supplemented herein, the Debtor's Emergency Motion is denied.

Debtor and R.J. Moon should address their differences, insofar as necessary, as either party may wish, either in the pending state court lawsuit acknowledged in Debtor's answer No. 4 to his November 23, 2011 Statement of Financial Affairs, or elsewhere, other than in this court.

The court further supplements its oral rulings announced at the March 1 hearing, as follows:

After considering the record regarding the issues of the adversary proceeding and bankruptcy case, including the doctrine of merger and Debtor's evidence of harm by the recordation of the satisfaction and release of liens by Robhana and RME, defaulting defendants in this adversary, the court concludes:

1.    Debtor failed to provide any evidence that R.J. Moon committed fraud in the recordation of a satisfaction and release of liens by Robhana.  Debtor's Motion fails to persuade the court on any basis asserted under Federal Rules of Bankruptcy Procedure 9024 or Federal Rules of Civil Procedure (Rule) 60(b)(3) and Rule 9(b);

2.    Debtor failed to provide any other evidence of misrepresentation of fact or misconduct by an opposing party or any other reason that would justify the relief requested under Federal Rules of Civil Procedure 60(b)(6) or by Rule 9(b).

3.    The court takes judicial notice pursuant to the Federal Rules of Evidence 201 of interested party R.J. Moon's In Rem Order dated December 14, 2012, issued in the following chapter 7 case: In re Maria Garcia aka Maria Esteban Garcia aka Maria de Jesus Garcia, Case No. 1:12-bk-17478-VK regarding Debtor Ashraf's residence located at 7010 La Presa Drive, "Los Angeles" (which should have said "San Gabriel") California 91775, in regards to multiple fractional grant deeds evidently signed by the Debtor Ashraf in favor of entities that were either debtors in active bankruptcy cases or who subsequent to execution of such grant deeds filed bankruptcy petitions.  This evidence demonstrates that Debtor Ashraf lacks good faith in his treatment of his secured creditors and for that additional reason should not be entitled to the relief requested in his Emergency Motion.

4.    The court further believes that the R.J. Moon entities are entitled to intervene and to join as parties to this adversary and Emergency Motion pursuant to Rules 17, 18 and 19.  Such parties are granted leave to intervene in this adversary on the Debtor's Emergency Motion in light of the allegations of fraud made against R.J. Moon.

IT IS HEREBY ORDERED that the Debtors' Emergency Motion to Amend

1  Default Judgment and Set Aside Reconveyances is denied.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25     Date: March 14, 2013                         Thomas B. Donovan
                                                   United States Bankruptcy Judge
26
27
28

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **MEMORANDUM OF DECISION** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*)3/4/13, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Wesley H Avery (TR)
wamiracle6@yahoo.com, jmoattrustee@gmail.com;C117@ecfcbis.com

Stella A Havkin on behalf of Plaintiff Wesley Avery
stella@havkinandshrago.com, havkinlaw@earthlink.net

Bonni S Mantovani on behalf of Interested Party R.L. Moon, Inc.
cmartin@pralc.com

James Mortensen on behalf of Successor Trustee Iqbal Ashraf
pimmsno1@aol.com

Cassandra J Richey on behalf of Creditor R.J. Moon, Inc
cmartin@pprlaw.net

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

leslie@lesliecohenlaw.com

☐ Service information continued on attached page

**2.  SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

Debtor/Plaintiff
Iqbal Ashraf
7010 La Presa Drive
San Gabriel, CA 91775

☐ Service information continued on attached page

**3.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9021-1.1.NOTICE.ENTERED.ORDER**